IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| | : Case No. CR2-03-146 |
| v. | : |
| | : JUDGE ALGENON L. MARBLEY |
| EVERETT E. ARMOLD, | : |
| Defendant. | : |

## ORDER

This matter came before the Court for resentencing pursuant to the Order of the United States Court of Appeals for the Sixth Circuit, in the matter of Unites States of America v. Everett Eugene Armold, No. 04-4447.

On March 10, 2004, a jury found the Defendant guilty of two counts of filing a false income tax return. On October 29, 2004 Defendant was sentenced to serve a term of 45 months imprisonment, one-year supervised release, pay a special assessment of $200 and pay restitution in the amount of $1,564,215. The Defendant was sentenced prior to the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005). The Court of Appeals found that because this Court applied the sophisticated concealment enhancement based upon facts not admitted by the Defendant or found by a jury, the sentence imposed resulted in a Sixth Amendment violation under *Booker*. The Court reasoned that because this Court sentenced the Defendant in the middle of the guideline range, the Sixth Amendment error may have affected this Court's decision not to impose a sentence at the lower of the

guideline range. Under these circumstances, the Court remanded the case for resentencing under *Booker*, but upheld this Court's restitution finding.

On September 28, 2006, this Court held a sentencing hearing pursuant to the remand order. Based on the arguments presented by counsel and set forth in the sentencing memoranda of the parties, and as set forth on the record, this Court finds that pursuant to 18 United States Code Section 3553A, the Sentencing Reform Act of 1984, and the Advisory Guidelines, the sentence originally imposed was reasonable, and hereby reimposes that same sentence. The Court further finds that pursuant to the Advisory Guidelines, the evidence, viewed by the preponderance of the evidence standard, establishes that the sophisticated concealment enhancement would be appropriate in this case. Accordingly, the Court finds that the Defendant is to serve a total of 45 months of imprisonment, one-year supervised release, pay a $200 special assessment, and pay restitution in the amount of $1,564,215.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY, JUDGE
United States District Court

DATE: October 5, 2006